AMÉRICO RODRÍGUEZ, peticionario y apelante, *v.* LA JUNTA DE SUBASTA Y LA ASAMBLEA MUNICIPAL DE MAYAGÜEZ, recurridas y apeladas.

No. 4030.—*Visto:* Diciembre 10, 1926. *Resuelto:* Febrero 25, 1927.

1. CERTIORARI—NATURALEZA Y FUNDAMENTOS—PERSONAS CON DERECHO A REVISIÓN POR CERTIORARI—ESTOPPEL DEL PETICIONARIO. — Cuando una persona toma parte como licitador en una subasta, renuncia a las irregularidades que puedan existir en las actuaciones anteriores a dicha subasta y está impedida de atacar dichas actuaciones, especialmente en ausencia de alegación al efecto de que sufriera perjuicio alguno.

2. CERTIORARI—NATURALEZA Y FUNDAMENTOS—ACTUACIONES DE JUNTAS Y MUNICIPALIDADES—ACTUACIONES DISCRECIONALES—ADJUDICACIÓN DE BUENA PRO EN SUBASTA MUNICIPAL.—Cuando la facultad de una junta municipal de adjudicar la buena pro de una subasta es discrecional, los tribunales no tienen acción en tal asunto a menos que se demuestre un abuso manifiesto de esa facultad.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), declarando sin lugar petición de *certiorari,* con costas. *Confirmada.*

*Pascasio Fajardo Martínez,* abogado del apelante; *Amador Ramírez Silva* y *O. Souffront,* abogados de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Américo Rodríguez fué licitador en una subasta celebrada para suministrar 1,600 contadores para agua al municipio de Mayagüez en la que se adjudicó la buena pro a otro de los licitadores, y estableció recurso de *certiorari* ante la Corte de Distrito de Mayagüez contra la Junta de Subasta y contra la asamblea municipal de dicha ciudad con el fin de que fuese anulada esa subasta. La corte de distrito expidió el auto solicitado y después de examinar las actuaciones que tuvieron lugar para la misma declaró sin lugar la petición anulando el auto expedido, con imposición de costas al peticionario, quien interpuso esta apelación.

Pocos días antes del señalado para su vista en este tribunal nos presentó la parte apelada una moción para que no resolviésemos la apelación por carecer de finalidad práctica por cuanto la Asamblea Municipal de Mayagüez había anulado dicha subasta por otras razones independientes de las alegadas por el apelante, y presentó certificación librada por el secretario de dicho municipio creditiva de que había sido anulada esa subasta porque el Departamento del Interior le negó su aprobación por no habérsele sometido previamente las especificaciones y condiciones de ella. El apelante se opuso a esa moción alegando entre otras cosas que había sido condenado en costas.

[1] Como hemos dicho al principio, Américo Rodríguez fué uno de los licitadores en la subasta y al ser adjudicada la misma a otro concurrente a ella solicitó por medio de *certiorari* no sólo la nulidad de la adjudicación por entender que su oferta era más ventajosa para el municipio sino también la nulidad de las actuaciones anteriores al acto de la subasta porque en la ordenanza acordándola no se expuso la naturaleza de la operación especificando detallada-

mente todos los requisitos que habían de llenarse y por no expresar el lugar donde se someterían los pliegos de proposiciones, ni el sitio de la celebración de la subasta, ni la hora exacta de cerrarse las licitaciones, ni la de abrirse los pliegos de proposiciones y por no hacer especificación clara de cómo han de ser las cajas de los contadores ni respecto a su instalación: pero como el peticionario no alega que por virtud de las irregularidades que expone anteriores a la adjudicación de la subasta sufrió perjuicio alguno él o la comunidad, dijo bien la corte inferior que está impedido de atacar los procedimientos por irregularidades que pudieran existir y a las cuales voluntariamente renunció al tomar parte en la subasta y por las cuales no sufrió perjuicio alguno que afectase su derecho o condición de licitador.

[2] El otro motivo del *certiorari* se funda en no haber otorgado la Junta de Subasta la buena pro a los contadores ''Niagara'' que ofreció el peticionario y sí a los ''Hersey'' ofrecidos por el licitador Bermúdez Hermanos, cuando aquéllos son de mejor o igual calidad y de más bajo precio que los ''Hersey,'' perjudicando así los intereses de la comunidad y al peticionario.

La sección 7ª de la ordenanza en cuestión dice que la Junta de Subasta al resolver acerca de las proposiciones que reciba no lo hará ajustándose al precio solamente y que deberá considerar la calidad y cualquier otra circunstancia beneficiosa a los fines e intereses del municipio; sección que está de acuerdo con la Ley Municipal, que en el cuarto párrafo del artículo 39 dispone que al adjudicarse el contrato al mejor postor se tendrá en cuenta no solamente el montante de la oferta sino todas las condiciones y circunstancias que, por su naturaleza, hagan más beneficiosa la proposición. Por consiguiente, la facultad de adjudicar la buena pro en esa subasta es discrecional y los tribunales no tienen acción en tal asunto a menos que haya un abuso ma-

nifiesto de esa facultad discrecional; y aunque el apelante alegó en su petición que hubo abuso de esa facultad discrecional, no creemos que tal cosa surja por sí misma del hecho de haber adjudicado la buena pro en la subasta al contador "Hersey," de Bermúdez Hermanos, por ser $3.60 más caro que el "Niagara" ofrecido por el apelante, con una diferencia total en contra del municipio de $5,670, y porque según el informe que a la Junta de Subasta rindió el Director de Obras Públicas Municipales de aquella ciudad, de los contadores "Niagara," "Badger," "Neptuno," "Nash," y "Hersey" que podían ser admitidos, de los cuatro primeros, después de desmontarlos y estudiarlos, le llamó su atención por su calidad y construcción interior el contador "Nash" por lo que sugirió que si la junta no se decidía por comprar el más barato, el "Niagara," que a su entender no puede competir con los dos restantes, sólo cabía una comparación entre el "Nash" y el "Hersey," que es $1.03 más caro que el "Nash" y valdría la pena esa diferencia por ser el último un contador probado satisfactoriamente en esta isla por trece años: apareciendo además de dicho informe que el promedio de servicio en esta Isla del contador "Niagara" es de seis años. Después de ese informe, la Junta de Subasta otorgó la buena pro al contador "Hersey" y ese acuerdo fué ratificado por la asamblea municipal.

En vista de lo expuesto no resulta justificado que hubo abuso de discreción al no conceder la buena pro de la subasta al contador que ofreció el apelante, y no se hace necesario resolver si la adjudicación de la subasta debió ser aprobada o no por el Comisionado del Interior porque tal cuestión no le afecta al apelante por haber sido rechazada su proposición.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison no intervino.