CARMELO VILLANUEVA, peticionario y apelante, *v.* ASAMBLEA MUNICIPAL DE UTUADO, demandada y apelada.

No. 4124.—*Visto:* Marzo 10, 1927. *Resuelto:* Mayo 12, 1927.

1. CERTIORARI — PROCEDIMIENTOS Y RESOLUCIÓN — APELACIÓN DE SENTENCIAS EN PROCEDIMIENTOS DE CERTIORARI—EN GENERAL.—Las alegaciones del peticio-

nario deben aparecer comprobadas por el *return* para que aquél pueda sostener su recurso.

2. Corporaciones Municipales—Procedimientos del Concejo u Otro Cuerpo que Gobierna—Ordenanzas y Reglamentos *(By Laws)* en General—Aprobación de los Mismos—Notificación a Personas Perjudicadas.—La ley no exige que las resoluciones u ordenanzas que aprueben las asambleas municipales tengan que notificarse a las personas que se crean perjudicadas con su aprobación.

3. Certiorari—Término para Establecer el Procedimiento—Revisión de Actos Legislativos o Administrativos Municipales.—Aprobada por un alcalde resolución de la Asamblea desaprobando una adjudicación provisional hecha por la Junta de Subastas, la petición de *certiorari* para anular tal resolución de la Asamblea que se presente después de treinta días contados desde que la ordenanza empezó a regir, es tardía.

4. Certiorari—Naturaleza y Fundamentos—Actuaciones de Juntas y Municipalidades—Actuaciones Discrecionales de Asambleas Municipales—Aprobación de Acuerdos de las Juntas de Subastas.—Cuando la Asamblea Municipal tiene discreción para no aprobar un acuerdo de la Junta de Subastas, los tribunales no tienen acción en tal asunto a menos que se demuestre abuso de tal discreción o fraude en la ,actuación de la asamblea.

Sentencia de *Luis Samalea,* J. (Arecibo), declarando sin lugar la demanda, sin costas. *Confirmada.*

*G. Zeno Sama,* abogado del apelante; *Francisco M. Cadilla,* abogado de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Este es un *certiorari* en grado de apelación, procedente de la Corte de Distrito de Arecibo.

En abril 12, 1926, la Asamblea Municipal de Utuado aprobó una ordenanza disponiendo el arrendamiento en pública subasta de una casa propiedad del municipio. Se fijó como tipo de la subasta la suma de $240 por el término de un año a partir de julio 1, 1926. La subasta tuvo lugar en mayo 28, 1926, y concurrieron dos licitadores, ofreciendo $20 y $27 mensuales, respectivamente, siendo esta última oferta la del apelante y a quien por ser la mejor y más beneficiosa se le adjudicó la buena pro por la junta de subastas. Sometida esta resolución a la asamblea municipal, este organismo en junio 3, 1926, desaprobó la adjudicación que se hizo al apelante, acordando que la casa en lugar de arrendarse fuere vendida en pública subasta. Este acuerdo no

llegó a formalizarse mediante ordenanza, y la asamblea municipal en sesión de julio 1, 1926, en la que se dió cuenta con una instancia del apelante requiriendo la entrega de la casa por haberle sido adjudicado el arrendamiento por la junta de subastas, adoptó finalmente una resolución, que fué aprobada por el alcalde en julio 10, 1926, desaprobando tal adjudicación y a su vez pasó otra ordenanza disponiendo nuevamente se arrendara en pública subasta la mencionada propiedad, bajo las mismas condiciones que se establecieron en la anterior ordenanza, si bien el término del arrendamiento se extendía solamente por el resto del ejercicio económico que expiraba en julio 30, 1926. La ordenanza disponía que empezaría a regir inmediatamente por ser de urgencia y haberse adoptado por consentimiento unánime de los componentes de la asamblea, aprobándose en la misma fecha por el alcalde.

El apelante, creyéndose perjudicado por estos procedimientos, presentó una petición a la corte inferior para que revisara tales procedimientos, pidiendo en concreto que se anule y deje sin efecto la resolución de la asamblea de julio 1, 1926, y que entretanto se resolviere el asunto, se ordenare que la asamblea se abstuviese de poner en vigor la ordenanza que ordenaba la celebración de una nueva subasta.

[1] La apelada adujo en la corte inferior, entre otros fundamentos, para que se anulara el auto, y en ello insiste fuertemente en su alegato, que el derecho del apelante, si alguno podía tener, había prescrito a tenor de lo dispuesto en el último párrafo del artículo 63 de la Ley Municipal, tal como fué enmendada por la Ley No. 92, aprobada en agosto 22, 1925, ya que la resolución de que se queja el apelante, aprobada por el alcalde en julio 10, 1926, entró en vigor el día 20 del mismo mes, y los 30 días que la ley concede al apelante para utilizar el procedimiento de *certiorari* comenzaron a correr desde la última fecha, venciendo en agosto 19, 1926, y el apelante estableció su de-

manda en septiembre 1, 1926, o sea, mucho después del plazo concedido por la ley para tales casos.

El artículo 63 de la Ley Municipal, en lo pertinente prescribe:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o las leyes de Puerto Rico, mediante *certiorari:*

"  *       *       *       *       *       *       *

"En los dos primeros casos la parte perjudicada podrá solamente establecer la demanda correspondiente dentro del plazo de treinta días, a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, acuerdo, resolución u orden hayan sido promulgados o comunicados a la parte querellante; *Entendiéndose* que cuando la ordenanza o resolución deba ser publicada de acuerdo con esta Ley, el término expresado de treinta (30) días empezará a contarse desde la fecha de la publicación de dicha ordenanza o resolución."

La corte inferior estimó mejor resolver el caso en sus méritos y no consideró la defensa de prescripción. Ella expone en su opinión en ese punto que la cuestión de si una resolución como la que se impugna requiere o no notificación, no había sido planteada, y que por otro lado, habiendo el querellante alegado en su petición que no tuvo noticias de la resolución hasta agosto 16, 1926, por un aviso particular del auditor municipal informándole que se iba a proceder a una segunda subasta, tal alegación no fué controvertida. Este último extremo carece de fundamento porque siendo el *return* la verdadera contestación en estos casos, del mismo no aparece que se haya hecho notificación alguna al apelante. El silencio del *return* no hace incontrovertible la alegación del apelante en ese extremo; por el contrario, las alegaciones en general del peticionario son

las que deben aparecer comprobadas por el *return* para que pueda sostener su recurso.

[2, 3] La ley no exige que las resoluciones y ordenanzas que aprueben las sambleas municipales tengan que notificarse a las personas que se crean perjudicadas con su aprobación. Las asambleas actúan en tales casos como cuerpos legislativos y aquellas ordenanzas y resoluciones empiezan a regir al ser promulgadas o publicadas. La notificación parece requerirse solamente para aquellos actos puramente administrativos, ejecutados por el alcalde y demás funcionarios municipales como agentes ejecutivos, y deben ser comunicados a las partes interesadas. La publicación es para las ordenanzas que tengan sanción penal, las que no entran en vigor hasta veinte días después de publicadas. Artículos 54 y 56 de la Ley Municipal. Para las demás ordenanzas y resoluciones el artículo 57 prescribe:

"Sujetas a las disposiciones de los dos artículos anteriores, las ordenanzas y resoluciones regirán a los diez días después de aprobadas, salvo que circunstancias extraordinarias requieran su inmediata vigencia, en cuyo caso, si así se declarare en su texto, regirán desde el día de su aprobación, si fueren aprobadas con el voto afirmativo de una mayoría del número total de miembros de que se componga la asamblea municipal."

La letra de esta disposición es bien clara para que se insista en su interpretación. En julio 1, 1926, se adoptó por la Asamblea Municipal de Utuado la resolución que desaprobó la adjudicación provisional que hizo la junta de subastas del arrendamiento a favor del apelante; el 10 de julio el alcalde le impartió su aprobación y empezó a regir 10 días después, o sea, desde julio 20, 1926, en que por disposición de la misma ley se hace de conocimiento general para todos. Ello es lo mismo que si se tratase de la aprobación de una ley de la Legislatura, siendo obligatoria desde su promulgación, que es la fecha en que empieza a regir. Y siendo esto así, el apelante presentó tarde su recurso al ser archivado ante la corte inferior en septiembre

1, 1926, más allá de los 30 días que le concedía el artículo 63 de la Ley Municipal, a contar de la fecha en que entró en vigor la resolución de que se queja.

[4] También podemos decir que aun examinando los méritos del caso, estamos conformes con la conclusión a que llegó la corte inferior de que la asamblea municipal tenía discreción para no aprobar el acuerdo de la junta de subastas mientras no se pruebe abuso de tal discreción o fraude en la actuación de la asamblea, y una y otra cosa no aparecen demostradas en este caso. Véase el caso de *Rodríguez* v. *Junta de Subastas*, 36 D.P.R. 337.

*Por todo lo expuesto debe confirmarse la sentencia apelada.*